## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

JONATHAN FOSTER,          :     CIVIL RIGHTS
     Plaintiff,           :     42 U.S.C. § 1983
                     :
     v.                  :     CIVIL ACTION NO.
                     :     1:10-CV-3202-RWS
STATE OF GEORGIA, FULTON     :
COUNTY, SUPERIOR COURT OF     :
FULTON COUNTY, and OFFICE     :
OF THE PUBLIC DEFENDER,     :
     Defendants.         :

## ORDER

Proceeding *pro se*, Jonathan Foster filed a request for permission to proceed *in forma pauperis* ("IFP") [1] and a "Complaint Under Title 42 U.S.C. 1983 [for] Emergency Injunctive and Declaratory Relief" [2]. Magistrate Judge Janet F. King granted Foster permission to proceed IFP [3]. This matter is now before the Court for review of Foster's complaint. Federal law provides that this Court "*shall* dismiss" a case filed by a party proceeding IFP "if the court determines that . . . the action . . . is frivolous or malicious[,] fails to a state a claim upon which relief may be granted[, or] seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2) (emphasis added). For the reasons set forth below, Foster's complaint must be dismissed.

This Court has construed Foster's complaint liberally because he is proceeding *pro se*.  Foster states that he paid someone whom he believed to be Carlotta Pignato $20,000 to execute a quitclaim deed and "walk away from" a house before foreclosure.  Foster says he then attempted to contact the mortgage lender.  Foster avers that he sent a "promissory note" with a "letter of instruction" indicating that "if he don't [sic] hear from them that means they have accepted it." Foster contends that because the mortgage lender never responded, his promissory note must have been accepted.  [1 at 2].

Foster states that he lived in the house for two weeks before finding a business card at the front door.  Foster says that he called the number on the card and reached Phillip McKinstry.  Foster spoke with McKinstry for "about an hour." Foster was "told . . . that he did not deal with the real person name[d] Carlotta Pignato [and] that [McKinstry] was the real estate agent for Carlotta Pignato." Foster complains that he was "scammed because he gave $20,000 to the wrong person." [1 at 2-3]

Foster filed a civil complaint against "the Real Estate company and against the so[-]called real Carlotta Pignato."  Foster complains that "they changed the locks on the doors."  Foster further complains that "six days . . . after they got serve[d] with the complaint . . . they sold [the property] for $748,000."

2

Foster says that he sought a default judgment when his complaint was not answered.   Foster complains that "to this day the Judge has not signed the Judgment."   Foster avers that "[s]ilence can only be equated with fraud when there is a legal or moral duty to speak."   [1 at 2-3].

Foster also complains that after he filed his civil suit he was "arrested for Forgery and False Swearing."   Foster is upset that the state court appointed an attorney to represent him because he "did not want an attorney but was forced an attorney, which is [a] violation of due process."   Foster alleges that "it was a conspiracy against rights, because the Defendants[] were aware that [Foster] did not want a court[-]appointed attorney."   [1 at 3].

Foster's court-appointed attorney advised him that "the Judge said that [Foster] need[ed] to see a psychiatrist and ordered it."   Foster "went to court every couple of weeks but was not allowed in the courtroom until he seen [sic] the psychiatrist."   Foster "did not want to see any psychiatrist but was under duress." "Once let in the courtroom, [Foster] fired" his court-appointed attorney, "but was assign[ed] another attorney," who "dismissed himself."   There have "been 2 more attorney[s] on the case since then[, and] they been [sic] terminated as well."   [1 at 3-4].

Foster does not claim to have yet been convicted of any crime, but he nonetheless complains that "[t]he Defendants have violated the 8th Amendment . . . for cruel and unusual punishment inflicted."  Foster – who is not in custody at present – also complains that he "did not have access to the law library which is a violation of due process."  Foster demands that "Defendants should show cause why a Tort [sic] should not be issued [f]or Malice, Malicious Prosecution, False Imprisonment, Misrepresentation and Abusive Litigation."  Foster "want [sic] Emergency Injunction, and Declaratory Relief from the Defendant[s]."  [1 at 4-5].

Dismissal of Foster's § 1983 complaint is appropriate as a matter of *Younger* abstention, both with respect to the civil action that Foster filed and the criminal action that the State of Georgia filed against Foster.  "Since the beginning of this country's history, Congress has, subject to few exceptions, manifested a desire to permit state courts to try state cases free from interference by federal courts." *Younger v. Harris*, 401 U.S. 37, 43 (1971).  *See also Pennzoil Co. v. Texaco Inc.*, 481 U.S. 1, 12-13 (1987) (extending *Younger* abstention principles to state civil litigation where "States have important interests in administering certain aspects of their judicial systems"), and *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 594 (1975) (holding that the "principles of *Younger*" are not limited to criminal cases, but also apply to civil proceedings in which the State is a party).  Exceptions to *Younger*

4

abstention are made in very limited circumstances when (1) there is evidence of state proceedings motivated by bad faith, (2) irreparable injury would occur, or (3) there is no adequate alternative state forum where the constitutional issues can be raised." *Hughes v. Attorney Gen. of Fla.*, 377 F.3d 1258, 1263 (11th Cir. 2004) (citing *Younger*, 401 U.S. at 53-54). Foster has proffered no facts indicating that his cases ought to be excepted from the application of *Younger* abstention. On the current record, this Court will not interfere unduly with Foster's ongoing state criminal or civil cases.

Pursuant to 28 U.S.C. § 1915(e)(2), Foster's complaint [2] is **DISMISSED** because it is frivolous and fails to state a claim upon which relief may be granted.

**IT IS SO ORDERED**, this  4th  day of November, 2010.

RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)